IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jamaal Gittens, | ) | Civil Action No.: 6:15-3108-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| State of South Carolina, | ) | |
| | ) | |
| Defendant. | ) | |

On August 6, 2015, Plaintiff Jamaal Gittens, ("Plaintiff"), proceeding *pro se* and *in forma pauperis,* filed this action alleging constitutional violations construed as pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for review pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A.

On September 10, 2015, the Magistrate Judge prepared a Report and Recommendation, ("the Report"), recommending that this action be summarily dismissed *without prejudice* and without issuance and service of process. (ECF No. 12). Objections to the Report were due by September 28, 2015. Plaintiff did not file a traditional "Objection" to the Magistrate Judge's Report within the allotted time frame but instead filed a belated document purporting to notice a direct appeal to the Fourth Circuit Court of Appeals. (ECF No. 15). Out of an abundance of caution and deference to the *pro se* Plaintiff's rights, the Court has elected to treat this otherwise invalid filing as an Objection to the Magistrate Judge's Report. The matter is now ripe for review by this Court.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.

*See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the Report and the Plaintiff's "Objection."  The Court has undertaken this *de novo* review, even though Plaintiff's filing entirely fails to address either Defendant's 11th Amendment sovereign immunity or Plaintiff's failure to exhaust administrative remedies, the two alternative legal bases upon which the Magistrate Judge recommended dismissal.

For the forgoing reasons, the Court concurs with the reasoning of the Magistrate Judge and adopts the Report and incorporates it herein by reference, (ECF No. 12), overruling Plaintiff's Objection. (ECF No. 15).  Plaintiff's Complaint is thereby **DISMISSED** *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED.**

                                                s/Mary G. Lewis
                                        United States District Judge

October 8, 2015
Columbia, South Carolina